UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

RICHAMBRANIQUE THOMAS                  CIVIL ACTION NO. 25-0893

VERSUS                                           JUDGE S. MAURICE HICKS, JR.

JAMAL JONES, ET AL.                       MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before the Court is an unopposed Motion for Summary Judgment filed by Defendants Joseph James and AS Express Lines, Inc. ("AS Express Lines"). See Record Document 10. Joseph James and AS Express Lines submit summary judgment is proper because there is no evidence they caused or contributed to the motor vehicle accident giving rise to this suit. See id. Plaintiff Richambranique Thomas ("Thomas") did not oppose the defense motion. For the reasons set forth below, the Motion for Summary Judgment is **GRANTED**.

**BACKGROUND**

The undisputed facts are as follows. On November 5, 2023, Joseph James was operating 2022 Freightliner tractor-trailer bearing VIN No. 3AKJHHDR1NSMY4588 owned by AS Express Lines on I-220 in Shreveport, Louisiana. See Record Document 10-2 (Affidavit of Joseph James). In his uncontested affidavit, Joseph James described the events before, during, and immediately after the subject motor vehicle accident.

As Joseph James was traveling in the right lane on I-220, a Kia Optima, which he later found out was being operated by Thomas, was in the same lane as him, behind another tractor that was directly behind Joseph James. See id. Joseph James observed

a red-colored passenger car[1] ahead of him in the right-hand lane with its emergency lights engaged. See id. Another vehicle was ahead of the red-colored vehicle, also in the right-hand lane, and appeared to also have its emergency lights engaged, so he merged into the left lane. See id.

After Joseph James merged to the left lane, the tractor that was behind him in the right lane also merged to the left lane. See id. Thomas did not merge to the left lane. See id. Instead, she appeared to accelerate, passing Joseph James and approaching the red-colored vehicle that had its emergency lights on. See id. Joseph James anticipated that Thomas would at some point need to merge into the left lane, so he took his foot off the accelerator. See id.

Thomas never appeared to apply her brakes. See id. Likewise, she did not merge to the left lane. See id. Thomas ran into the back of the red-colored vehicle, causing the subject motor vehicle accident. See id. Joseph James was applying his brakes when the collision occurred between those other two vehicles. See id.

After the collision, Thomas's vehicle spun into the left lane, striking the concrete barriers on the left side of I-220, eventually coming to a stop in the left lane and facing the wrong direction of traffic flow. See id. Joseph James applied his brakes aggressively as he saw the collision happen. See id. He was able to come to a complete stop without making contact with either Thomas's vehicle or the red-colored passenger vehicle. See id. As he came to a stop, the rear of his trailer was impacted by the tractor behind him,

---

[1] The red-colored passenger vehicle was driven by LaPrecious Coleman ("Coleman"). See Record Document 1-2. Thomas and Coleman are both domiciled in Louisiana. See id. In her state court petition, Thomas named Coleman as a defendant, but made no allegations of fault against her. See id. Coleman was deemed an improperly-named defendant. The case was then removed to federal court.

2

causing damage to Joseph James's trailer and the mudflap on the rear of his tractor.  See id.  Other than the mudflap, there was no damage to Joseph James's tractor. See id.  All damage caused to Thomas's Kia was as a result of her collision with the red-colored passenger vehicle that had its emergency lights engaged and/or the concrete barriers.  See id.

## LAW AND ANALYSIS

### I.  Summary Judgment Standard.

A motion for summary judgment should be granted when the pleadings, including the opposing party's affidavits, "show that there is no dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56; see also Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 2552–53 (1986).  In applying this standard, the Court should construe "all facts and inferences in favor of the nonmoving party." Deshotel v. Wal-Mart La., L.L.C., 850 F.3d 742, 745 (5th Cir. 2017); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 2513 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.").  As such, the party moving for summary judgment bears the burden of demonstrating that there is no genuine issue of material fact as to issues critical to trial that would result in the movant's entitlement to judgment in its favor, including identifying the relevant portions of pleadings and discovery.  See Tubacex, Inc. v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995).

The moving party's motion for summary judgment must be denied if the movant fails to meet this burden.  See id.  This remains true even when a motion for summary judgment is unopposed, and the motion may not be granted solely because there is no

opposition. See Swafford v. Experian Info. Solutions, Inc., No. 18-789, 2019 WL 5597310, at *3 (M.D. La. Aug. 27, 2019); see also Day v. Wells Fargo Bank Nat'l Ass'n, 768 F.3d 435, 435 (5th Cir. 2014) (quoting Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985)). Still, courts are not required to search the record for materials in support of the nonmovant's claim. See Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 915 (5th Cir. 1992), opinion corrected Mar. 26, 1992.

## II.    Duty of a Following Vehicle.

Louisiana law provides, "[t]he driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway." La. Stat. Ann. § 32:81. Louisiana "jurisprudence has long recognized 'that a following motorist in a rear-end collision is presumed to have breached the standard of conduct prescribed in La. Rev. Stat. Ann. 32:81 and hence is presumed negligent.' " Hester v. Walker, 2020-01278 (La. 5/13/21), 320 So. 3d 362, 368, citing Mart v. Hill, 505 So. 2d 1120, 1123 (La. 1987).

## III.    Analysis.

"[A] plaintiff seeking to recover damages for personal injuries must prove that the defendant had a duty to prevent his injuries and that the risk which caused the injury was within the scope of that duty." Marcantel v. Unit Petroleum Co., No. CIV.A.07-381, 2007 WL 1537025, at *3 (W.D. La. May 24, 2007). Here, the undisputed facts establish that Joseph James breached no duty owed to Thomas. Thomas was the following vehicle in this case. Joseph James's uncontested affidavit establishes that Thomas failed to maintain a safe distance and appropriate speed given the traffic in front of her on I-220. Thomas's breach caused the accident. It was Thomas's contact with the red-colored

4

vehicle that had its emergency lights engaged that started the accident in this case. Joseph James's action did not cause or contribute to the accident. Thomas has presented no facts creating a factual dispute as to whether Joseph James breached any duty owed to her. Accordingly, summary judgment in favor of Joseph James and AS Express Lines is appropriate.

## CONCLUSION

Joseph James's affidavit, which is based on his firsthand observations, establishes that he had played no part in the motor vehicle accident at issue in this case. The undisputed facts demonstrate that Thomas cause the accident. For these reasons, the unopposed Motion for Summary Judgment filed by Defendants Joseph James and AS Express Lines is **GRANTED**.

A Judgment consistent with the terms of the instant Memorandum Ruling shall issue herewith. The Clerk of Court will also be directed to close this case.[2]

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 11th day of December, 2025.

_____
United States District Judge

---

[2] Jamal James and DMC Transportation, LLC, remain unserved with the original state court petition and are not yet a party to this action. See Record Document 10-1 at 2.